# United States District Court, Northern District of Illinois

MHN

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7594 | **DATE** | 11/15/2010 |
| **CASE TITLE** | Adeline Sand & Gravel, LLC vs. International Union of Operating Engineers Local 150 | | |

**DOCKET ENTRY TEXT**

Motion for extension to file briefs [23] was and is granted. Motion for protective order [32] is granted. The parties shall file all remaining briefs with respect to the petition to vacate the arbitration award on or before December 15, 2010. IT IS SO ORDERED.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    Before the Court is Petitioner/Counter-Defendant Adeline Sand & Gravel, LLC's ("Adeline") motion for a protective order, through which it objects to International Union of Operating Engineers Local 150 AFL-CIO's (the "Union") requests for additional discovery.

    Adeline initiated this case on December 7, 2009, filing a petition to vacate an arbitration award in favor of the Union. Adeline's case was originally assigned to Judge Kennelly, who set an expedited briefing schedule on the petition. As the parties prepared their briefs, the Union issued to Adeline written discovery requests. Adeline objected to the requests, and Judge Kennelly construed Adeline's objection as a motion for a protective order, which he granted with the understanding that he could revisit the issue a later date. Mot., Ex. B. Judge Kennelly also extended the briefing schedule on Adeline's petition so that it would be fully-briefed by May 26, 2010.

    On May 13, 2010 this Court determined that another party, Bocker & Kampen Enterprises, Inc., filed its own case seeking to vacate the same arbitration award as Adeline. The Court consolidated the two cases. After that, the Union again served Adeline with additional discovery requests. This time it sought to depose three individuals in order to gauge their knowledge of the collective bargaining agreement and the arbitration hearing process. See Resp. at 4. The Union maintains that this discovery is necessary "to determine if the [arbitrator] had authority to issue the decision." Id. In response, Adeline filed the instant motion for a protective order, which is fully-briefed and before the Court.

    In deciding whether to allow the Union additional discovery at this point in the proceedings, the Court first observes that judicial review of an arbitration award is extremely limited. E.g., Flender Corp. v. Techna-Quip Co., 953 F.2d 273, 278 (7th Cir. 1992). The process is not an appeal, as the only issue for the Court to decide when reviewing an arbitration award is whether the arbitrator exceeded the scope of its authority. N. Ind. Pub. Serv. Co. v. United Steel Workers of Am., 23 F.3d 345, 346-47 (7th Cir. 2001). If it did not, the arbitrator's award is typically enforced, which is true even if the award contains serious errors of law or fact. See Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509 (2001); Nat'l Wrecking Co. v. Int'l

Bd. of Teamsters, Local 73, 990 F.2d 957, 960 (7th Cir. 1993). In line with these tenets, the Seventh Circuit has explained that "[w]hen parties agree to arbitrate their disputes they opt out of the court system, and when one of them challenges the resulting arbitration award he perforce does so not on the ground that the arbitrators made a mistake but that they violated the agreement to arbitrate" either by improper conduct or for some other reason outside of the arbitration agreement. Wise v. Wachovia Securities, LLC, 450 F.3d 265, 269 (7th Cir. 2006).

As to the Union's request, even if we assume that Adeline is challenging the arbitrator's award because of improper conduct or because the arbitrator was partial to the Union, the Union has failed to explain how the depositions it seeks to conduct will confirm the arbitrator's authority to issue the award. Upon a close reading of the Union's response brief, it remains unclear how the inability to take depositions restricts the Union's ability to properly respond to Adeline's petition. See Uhl v. Komatsu Forklift Co., Ltd., 512 F.3d 294, 308 (6th Cir. 2008) (affirming district court's denial of additional discovery where requesting party failed to provide any information that supported the need for such discovery). Without further detail, the parties are left to speculate as to the information that the Union may or may not discover. Such speculation does not justify additional discovery.

Furthermore, the Court agrees with Adeline that discovery in this matter is not warranted, given the narrow scope of review. In reviewing the arbitration award, the parties of course will submit a collection of evidence from which the Court, operating under the limited standard, can determine whether the arbitrator exceeded its authority. In this process, district courts presume that arbitrators have based their awards on proper grounds, Saturday Evening Post Co. v. Rumbleseat Press, Inc., 816 F.2d 1191 (7th Cir. 1987), and thus, to justify discovery, it is usually the party that seeks to vacate the arbitrator's award that comes forth with clear evidence of partiality or some other defect. See Woods v. Saturn Distribution Corp., 78 F.3d 424, 427 (9th Cir. 1996). But this case is unique. Here, it is the party that wants to uphold the arbitrator's award - the Union - that is seeking the additional discovery. The Union's position, however, does not require it to take additional depositions. The Union can support its argument in favor of the award using the documentary evidence, testimony and other materials obtained during the arbitration process. The Union does not sufficiently explain why it cannot properly respond to the petition without discovery. Accordingly, Adeline's motion for a protective order is granted.

IT IS SO ORDERED.